UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Nicole Gray,<br><br>    Plaintiff,<br><br>v.<br><br>Mountain Run Solutions, LLC,<br><br>    Defendant. | Civil Action No: 1:20-cv-2865<br><br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

**INTRODUCTION**

1. This is an action for actual damages, statutory damages, legal fees and expenses for the improper and illegal actions and conduct of Mountain Run Solutions, LLC whose actions and conduct are in direct violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as the "FDCPA").

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Indiana.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

8. Through this Complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

10. Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

**JURISDICTION AND VENUE**

11. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.§ 1692k(d).

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

13. Plaintiff resides in this Judicial District.

## PARTIES

14. Plaintiff, Nicole Gray, ("Plaintiff"), is an adult individual residing in Morgantown, Indiana and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is "any person" as the term is used in 15 U.S.C. § 1692d preface.

16. Defendant, Mountain Run Solutions, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 313 E. 1200 S. Suite 102, Orem, UH 84058, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

17. Defendant is a debt collection agency and/or debt purchaser and is not licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

18. Defendant regularly collects or attempts to collect, directly, or indirectly, debts owed of due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

19. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for person, family, or household purposes,

3

whether or not such obligation has been reduced to judgement otherwise known as a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Defendant attempted to collect a "debt" from Plaintiff and Defendant is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

21. Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

22. Defendant is a debt collection agency attempting to collect two debts with an account numbers ending in 8338 and 9441 (the "Debts").

23. The Debts allegedly owed by Plaintiff went into default.

24. After the Debts went into default the Debts was placed or otherwise transferred to Defendant for collection.

25. Plaintiff disputes the Debts.

26. Plaintiff requests that Defendant cease all further communication on the Debts.

27. Plaintiff retained Sawin & Shea, LLC for legal representation regarding Plaintiff's debts.

28. Prior to May 18, 2020, Defendant reported the Debts to credit reporting agencies TransUnion and Experian.

29. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 349 (7th Cir. 2018).

30. On May 18, 2020, Plaintiff's legal counsel sent a letter to Defendant. This letter indicated that the Plaintiff disputes the Debts that Defendant is attempting to collect. *See Exhibit "2" attached hereto.*

31. Again, on May 20, 2020, the Plaintiff's legal counsel sent another letter to the Defendant. Again, this letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto.*

32. Both letters ("Letters") indicated that Plaintiff disputed the Debts that Defendant is attempting to collect.

33. Section 1692e(8) simply requires that the consumer make clear that he or she disputes a debt. *See Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 347 (7th Cir. 2018).

34. The consumer's reasoning for their dispute of a debt is irrelevant. *See id; see also DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) ("[A] consumer can dispute a debt for 'no reason at all ....' ").

35. The Letters provided notice to Defendant of Plaintiff's dispute of the Debts.

36. Upon information and belief, Defendant received the aforementioned Letters. The law presumes timely delivery of a properly addressed piece of mail.

37. Thus, Defendant received two (2) separate notifications that Plaintiff disputed the Debts that Defendant is attempting to collect.

38. On July 17, 2020, Plaintiff obtained and reviewed a copy of her TransUnion credit report. *See Exhibit "3" attached hereto.*

39. As of July 17, 2020, Defendant reported the Debts to TransUnion without indicating that the Debts were disputed. *See Exhibit "3" attached hereto.*

40. The TransUnion credit report dated July 17, 2020, indicates that the reporting of the Debts was last reported or verified July of 2020. *See Exhibit "3" attached hereto.*

41. The TransUnion credit report dated July 17, 2020, fails to indicate that the Debts were disputed by Plaintiff. *See Exhibit "3" attached hereto.*

42. On July 17, 2020, Plaintiff obtained and reviewed a copy of her Experian credit report. *See Exhibit "3" attached hereto.*

43. As of July 17, 2020, Defendant reported the Debts to Experian without indicating that the Debts were disputed. *See Exhibit "3" attached hereto.*

44. The Experian credit report dated July 17, 2020, indicates that the reporting of the Debts was last reported or verified July of 2020. *See Exhibit "3" attached hereto.*

45. The Experian credit report dated July 17, 2020, fails to indicate that the Debts were disputed by Plaintiff. *See Exhibit "3" attached hereto.*

46. Defendant's failure to report the Debts as disputed was improper because "if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); *see also Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 349 (7th Cir. 2018).

47. Defendant's continued reporting of the Debts without indicating that the Debts are disputed by Plaintiff has caused actual harm to Plaintiff by negatively impacting her credit. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 349 (7th Cir. 2018) ("the failure to inform a credit reporting agency that the debtor disputed his or her debt will *always* have influence on the debtor, as this information will be used to determine the debtor's credit score.").

48. Plaintiff suffered fear and frustration which has led to severe anxiety directly related to Defendant's refusal to update Plaintiff's credit report.

49. Plaintiff continues to suffer anxiety as she believes that Plaintiff's negative credit reporting may result in her denial of credit in the near future.

## COUNT 1
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(8), 1692e(10), and 1692f.

52. Defendant violated 15 U.S.C. § 1692e(8) by reporting the Debt to a credit reporting agency without indicating the Debt were disputed despite having actual knowledge that Plaintiff disputed the Debt.

53. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior through omissions in credit reporting, the natural consequences of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

54. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt by reporting the Debt to a credit reporting agency without indicating the Debt was disputed despite having actual knowledge that Plaintiff disputed the Debt.

55. Defendant's conduct violates 15 U.S.C. § 1692e and 1692e(10) by using false, deceptive, or misleading representations in connection with the collection of the Debt, specifically by reporting the Debt to a credit reporting agency without indicating the Debt was disputed despite having actual knowledge that Plaintiff disputed the Debt.

56. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000, attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Actual and statutory damages pursuant to the Indiana Deceptive Consumer Sales Act.

6. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues to triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 3, 2020

Respectfully Submitted,

By: */s/Thomas E. Irons*

Thomas E. Irons, Esq. #19822-49
Sawin & Shea, LLC.
Attorneys for Plaintiff
6100 N. Keystone Avenue, Suite 620
Indianapolis, IN 46220
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: tirons@sawinlaw.com